IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JRV GROUP USA L.P., a Delaware limited partnership,[1] | ) | Case No.: 19-11095 (CSS) |
| | ) | |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE, RULE 2014 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND LOCAL RULE 2014-1 FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor in possession (the "Debtor") hereby seeks entry of an order pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") authorizing the Debtor to retain and employ Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as counsel for the Debtor *nunc pro tunc* to the Petition Date (the "Application").  In support of the Application, the Debtor relies on (i) the *Statement Under Rule 2016 of the Federal Rules of Bankruptcy Procedure*, and (ii) the *Declaration of Jeffrey W. Dulberg in Support of Application Pursuant to Section 327(a) of the Bankruptcy Code, Rule 2014 of the Federal Rules of Bankruptcy Procedure and Local Rule 2014-1 for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtor and Debtor in Possession Nunc Pro Tunc to*

---

[1] The Debtor's last four digits of its taxpayer identification number are (5218).  The headquarters and service address for the above-captioned Debtor is 1945 Burgundy Place, Ontario, CA  91761.

*the Petition Date* (the "Dulberg Declaration"), which are being submitted concurrently with the

Application.  In support of this Application, the Debtor respectfully states the following:

**Jurisdiction**

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

U.S.C. § 157(b)(2), and the Debtor confirms their consent pursuant to Local Rule 9013-1(f) to

the entry of a final order by the Court in connection with this Application to the extent that it is

later determined that the Court, absent consent of the parties, cannot enter final orders or

judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 327(a) of the

Bankruptcy Code, as well as Bankruptcy Rule 2014(a) and Local Rule 2014-1.  Compensation

will be in accordance with sections 330 and 331 of the Bankruptcy Code.

**Background**

4.      On May 13, 2019 (the "Petition Date"), the Debtor commenced this case

("Case") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The

Debtor has continued in the possession of its property and has continued to operate and manage

its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy

Code.  No trustee, examiner or committee has been appointed in the Debtor's chapter 11 Case.

2

5.     JRV Group USA L.P. is a Delaware limited partnership that was formerly known as Erwin Hymer Group USA L.P.  It is based in Ontario, California.

6.     Beginning in March 2018, the Debtor operated as a second-tier original equipment manufacturer and alterer (*i.e.*, "upfitter") of Jeep Wranglers made by FCA US LLC ("FCA"), an affiliate of Fiat Chrysler Automobiles N.V.  The Debtor's business typically focused on adding features to the vehicles, such as a tent for camping, that would make them more desirable for recreational vehicle dealers to sell to end users/consumers.  To do so, the Debtor would remove FCA-certified parts and replace them with the Debtor's manufactured or purchased parts.

7.     The factual background regarding the Debtor, including its current and historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Andrew De Camara, Chief Restructuring Officer, in Support of First Day Motions* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference.[2]

## Relief Requested

8.     By this Application, the Debtor seeks to employ and retain PSZ&J as its bankruptcy counsel with regard to the filing and prosecution of this chapter 11 Case and all related proceedings.  Accordingly, the Debtor respectfully requests that this Court enter an order pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1 authorizing the Debtor to employ and retain PSZ&J as its bankruptcy counsel under a

---

[2]  Capitalized term used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

3

general retainer to perform the legal services that will be necessary during this chapter 11 Case

pursuant to the terms set forth in the Application and the Dulberg Declaration *nunc pro tunc* to

the Petition Date.

9.      The Debtor seeks to retain PSZ&J as counsel because of its extensive

experience and knowledge in the field of Debtor's and creditors' rights and business

reorganizations under chapter 11 of the Bankruptcy Code.  In preparing for PSZ&J's

representation of the Debtor in this Case, PSZ&J has become familiar with the Debtor's affairs

and many of the potential legal issues which may arise in the context of this chapter 11 Case.

10.     The professional services that PSZ&J will provide include, but shall not be

limited to:

a.      providing legal advice with respect to the Debtor's powers and duties as a
        Debtor in Possession in the continued operation of its business and
        management of its property;

b.      preparing on behalf of the Debtor any necessary applications, motions,
        answers, orders, reports, and other legal papers;

c.      appearing in Court on behalf of the Debtor;

d.      preparing and pursuing confirmation of a plan and approval of a disclosure
        statement; and

e.      performing other legal services for the Debtor that may be necessary and
        proper in these proceedings.

11.     Subject to Court approval in accordance with section 330(a) of the

Bankruptcy Code, compensation will be payable to PSZ&J on an hourly basis, plus

reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.  The current

standard hourly rates of PSZ&J's professionals are:

| | | |
|---|---|---|
| a. | Partners | $725.00 to $1,395.00 |
| b. | Of Counsel | $650.00 to $1,095.00 |
| c. | Associates | $575.00 to $695.00 |
| d. | Paraprofessionals | $325.00 to $425.00 |

12.     The hourly rates set forth above are PSZ&J's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate PSZ&J for the work of its attorneys and paraprofessionals, to cover fixed and routine overhead expenses, and are subject to periodic adjustments necessitated by market and other conditions.  Beyond the rates listed above, it is PSZ&J's policy to charge for all other expenses incurred in connection with the clients' cases.  These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZ&J to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime.  PSZ&J will charge the Debtor for these expenses in a manner and at rates consistent with those charged to other PSZ&J clients and the rules and requirements of this Court.  PSZ&J believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

13.     To the best of the Debtor's knowledge, except as otherwise disclosed in the Dulberg Declaration submitted concurrently herewith, PSZ&J has not represented the

Debtor, its creditors, equity security holders, or any other parties in interest, or their respective

attorneys, in any matter relating to the Debtor or its estate.  Further, to the best of the Debtor's

knowledge, PSZ&J does not hold or represent any interest adverse to the Debtor's estate, PSZ&J

is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code,

and PSZ&J's employment is necessary and in the best interests of the Debtor and its estate.

14.     PSZ&J has received payments from the Debtor during the year prior to the

Petition Date in the amount of $294,311.50, including the Debtor's filing fee for this case, in

connection with its prepetition representation of the Debtor.  PSZ&J is current as of the Petition

Date, but has not yet completed a final reconciliation of its prepetition fees and expenses.  Upon

final reconciliation of the amount actually expended prepetition, any balance remaining from the

prepetition payments to PSZ&J will be credited to the Debtor and utilized as PSZ&J's retainer to

apply to postpetition fees and expenses pursuant to the compensation procedures approved by

this Court in accordance with the Bankruptcy Code.

15.     The Debtor understands that PSZ&J hereafter intends to apply to the Court

for allowances of compensation and reimbursement of expenses in accordance with the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and orders

of this Court for all services performed and expenses incurred after the Petition Date.

16.     The Debtor, subject to the provisions of the Bankruptcy Code, the

Bankruptcy Rules, the Local Rules and further orders of this Court, propose to pay PSZ&J its

customary hourly rates for services rendered that are in effect from time to time, as set forth

above and in the Dulberg Declaration, and to reimburse PSZ&J according to its customary reimbursement policies, and submits that such rates are reasonable.

### Notice

17.    Notice of this Application shall be given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) the DIP Lender and the Prepetition Lenders and their counsel; (c) the Debtor's twenty largest unsecured creditors; (d) counsel to any official committee appointed in this case; and (e) any party requesting special notice pursuant to Bankruptcy Rule 2002.  The Debtor submits that, in light of the nature of the relief requested, no other or further notice need be given.

### No Prior Request

18.    No prior request for the relief sought in this Application has been made to this Court or any other court.

*[remainder of page intentionally left blank]*

7

WHEREFORE, the Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: _____ **May 13**, 2019

JRV GROUP USA L.P.

_____

JRV Group USA Management Corporation, General Partner
By: Mark Weigel, President and Sole Director

DOCS_LA:321025.1 47430/001