IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| JRV GROUP USA L.P., a Delaware limited ) partnership,[1] ) | Case No.: 19-11095 (CSS) |
| ) | |
| ) | Ref. Docket No. 5 |
| Debtor. ) | |

**INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) PAY AND/OR HONOR PREPETITION WAGES, SALARIES, COMMISSIONS, EMPLOYEE BENEFITS, AND OTHER COMPENSATION; (II) REMIT WITHHOLDING OBLIGATIONS AND DEDUCTIONS; (III) MAINTAIN EMPLOYEE COMPENSATION AND BENEFITS PROGRAMS AND PAY RELATED ADMINISTRATIVE OBLIGATIONS; AND (IV) HAVE APPLICABLE BANKS AND OTHER FINANCIAL INSTITUTIONS RECEIVE, PROCESS, HONOR, AND PAY CERTAIN CHECKS PRESENTED FOR PAYMENT AND HONOR CERTAIN FUND TRANSFER REQUESTS**

Upon consideration of the motion ("Motion")[2] of the above-referenced debtor and debtor in possession (collectively, the "Debtor") in the above-captioned chapter 11 case for the entry of an interim order (this "Interim Order"), pursuant to sections 105(a), 363, and 507(a) of title 11 of the United States Code (the "Bankruptcy Code"), to authorize, but not require, the Debtor (i) pay prepetition wages, salaries, employee benefits, and other compensation; (ii) remit withholding obligations and deductions; (iii) maintain employee compensation and benefits programs and pay related administrative obligations; and (iv) to authorize applicable banks and other financial institutions receive, process, honor, and pay certain checks presented for payment and honor certain fund transfer requests; and it appearing that the relief requested is in the best

---

[1] The Debtor's last four digits of its taxpayer identification number are (5218). The headquarters and service address for the above-captioned Debtor is 1945 Burgundy Place, Ontario, CA 91761.

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

interest of the Debtor's estate, its creditors, and other parties in interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that the requirements of Rule 6003 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted on an interim basis as set forth.

2. The final hearing (the "Final Hearing") on the Motion shall be held on 6/20, 2019, at 3:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on 6/13, 2019, and shall be served on: (i) the Debtor, JRV Group USA L.P., 1945 Burgundy Place, Ontario, CA 91761, Attn: Andrew De Camara (ad@sherwoodpartners.com); (ii) Sherwood Partners, Inc., 3945 Freedom Circle, Suite 560, Santa Clara, CA 95054, Attn. Michael A. Maidy (mam@sherwoodpartners.com); (iii) proposed counsel for the Debtor, (a) Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA 90067 Attn: Jeffrey W. Dulberg, Esq. (jdulberg@pszjlaw.com), and Robert M. Saunders, Esq. (rsaunders@pszjlaw.com); (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: Colin Robinson, Esq. (crobinson@pszjlaw.com); (iv) the DIP Lender and the Prepetition Lenders, c/o BXV Partners LLC, 21 Little Falls Drive, Wilmington, DE 19808, Attn: Mark Gottlieb (mark@bvxpartners.com); (v) counsel to the DIP

2

Lender and the Prepetition Lenders, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019, Attn: George E. Zobitz, Esq. (jzobitz@cravath.com) and Paul L. Sandler, Esq. (psandler@cravath.com) and Richards, Layton & Finger P.A., 920 North King Street, Wilmington, DE 19801, Attn: Paul N. Heath, Esq. (heath@rlf.com) and Zachary I. Shapiro, Esq. (shapiro@rlf.com) ; and (vi) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq. (linda.casey@usdoj.gov).

3. The Debtor is authorized, but not directed, to pay prepetition amounts in an aggregate amount not to exceed $100,000, subject to entry of a Final Order on account of Wages and Benefits subject to the Prepetition Wages and Benefits Limit and the Interim Caps, as well as processing and administrative fees associated with payment of the Wages and Benefits as set forth below:

| Wages or Benefits | Interim Amount | Final Amount |
|---|---|---|
| Accrued Vacation | $84,286 | $84,286 |
| Accrued Vacation (Employer Taxes) | $12,239 | $12,239 |
| Payroll processing fees | $1,000 | $1,000 |
| Reimbursable Expenses | $1,500 | $1,500 |
| **Total** | **$99,025** | **$99,025** |

4. The Debtor is authorized on an interim basis, but not directed, to allow Employees to use accrued prepetition PTO and Sick Time postpetition. The Debtor is further authorized on an interim basis, but not directed, to pay out any accrued prepetition PTO amounts that are owed to Employees solely to the extent (i) their employment with the Debtor is

3

terminated postpetition and (ii) applicable nonbankruptcy law requires the Debtor to make such payment, subject to entry of a Final Order.

5. The Debtor is authorized on an interim basis, but not directed, to continue to administer and provide Benefits and continue its prepetition programs and policies postpetition, subject to entry of a Final Order.

6. The Debtor is authorized on an interim basis, but not directed, to make payments to applicable third-parties from the Deductions and the Withholding Obligations and in respect of the Benefits, and costs associated therewith, in accordance with the Debtor's ordinary course of its wind-down and stated policies, as set forth in the Motion, subject to entry of a Final Order.

7. The Debtor is authorized on an interim basis, but not directed, to continue to maintain its WC Program in the ordinary course of its wind-down, subject to entry of a Final Order. The automatic stay, to the extent applicable, is lifted without further order of this Court, on an interim basis subject to entry of a Final Order, to allow (i) holders of workers' compensation claims to proceed with their claims, (ii) the administrator of the WC Program to administer, handle, defend, settle and/or pay a claim covered by the WC Program and the costs related thereto in accordance with such policy (and the agreements related thereto); *provided, however*, however that nothing in this order or the Motion gives a non-workers' compensation claimant relief from the automatic stay. The automatic stay is hereby modified on an interim basis subject to entry of a Final Order, pursuant to section 362(d) of the Bankruptcy Code solely

4

to allow the Debtor, in its discretion, to continue to assess, determine, and adjudicate any of the unpaid WC Claims.

8. In accordance with this Interim Order and any other order of this Court, the banks and financial institutions at which the Debtor maintains its accounts are authorized to honor checks presented for payment, whether issued prior to or after the Petition Date, and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in such accounts, subject to entry of a Final Order.

9. Notwithstanding any other provision of this Interim Order, nothing in this Interim Order shall authorize the Debtor to make any payment to or on behalf of any Employee on account of wages and other compensation obligations in excess of the statutory caps set forth in sections 507(a)(4) and (5) of the Bankruptcy Code.

10. Nothing in this Interim Order authorizes any payment subject to section 503(c) of the Bankruptcy Code.

11. Notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption of any employment contracts or Benefits contracts pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtor's rights to contest the amount or validity of claims.

12. Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtor.

13. The requirements of Bankruptcy Rule 6004(a) are waived.

14. The stay under Bankruptcy Rule 6005(h) is waived.

15. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Interim Order.

16. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Interim Order.

Dated: __5/15__, 2019

_____
CHIEF JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE