IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JRV GROUP USA L.P., a Delaware limited | ) | Case No.: 19-11095 (CSS) |
| partnership,[1] | ) | |
| | ) | **Ref. Docket No. 6** |
| Debtor. | ) | |

### INTERIM ORDER (A) APPROVING THE DEBTOR'S PROPOSED ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY SERVICES, (B) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICES, (C) APPROVING THE DEBTOR'S PROPOSED PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS, AND (D) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in

possession (collectively, the "Debtor") for entry of an interim order (this "Interim Order"),

(a) approving the Debtor's Proposed Adequate Assurance of payment for future utility services,

(b) prohibiting Utility Companies from altering, refusing, or discontinuing services,

(c) approving the Debtor's proposed procedures for resolving Adequate Assurance Requests,

(d) granting related relief, and (e) scheduling a final hearing to consider approval of the Motion

on a final basis; all as more fully set forth in the Motion; and upon the First Day Declaration; and

this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference* from the United States District Court for the District of

Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] The Debtor's last four digits of its taxpayer identification number are (5218).  The headquarters and service address for the above-captioned Debtor is 1945 Burgundy Place, Ontario, CA  91761.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and

the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that the relief requested in the Motion is in the best interests of the Debtor's estate,

its creditors, and other parties in interest; and this Court having found that the Debtor's notice of

the Motion and opportunity for a hearing on the Motion were appropriate under the

circumstances and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein at a hearing before this

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      Subject to the Adequate Assurance Procedures, the Motion is granted on

an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on

__6/20__, 2019, at 3 :00 p.m., prevailing Eastern Time.  Any objections or responses to entry

of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on

__6/13__, 2019, and shall be served on:  (i) the Debtor, JRV Group USA L.P., 1945 Burgundy

Place, Ontario, CA  91761, Attn:  Andrew De Camara (ad@sherwoodpartners.com);

(ii) Sherwood Partners, Inc., 3945 Freedom Circle, Suite 560, Santa Clara, CA  95054, Attn.

Michael A. Maidy (mam@sherwoodpartners.com); (iii) proposed counsel for the Debtor, (a)

Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Blvd., 13th Floor, Los Angeles, CA

90067 Attn: Jeffrey W. Dulberg, Esq. (jdulberg@pszjlaw.com), and Robert M. Saunders, Esq. (rsaunders@pszjlaw.com); (b) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, Attn: Colin Robinson, Esq. (crobinson@pszjlaw.com); (iv) the DIP Lender and the Prepetition Lenders, c/o BXV Partners LLC, 21 Little Falls Drive, Wilmington, DE 19808, Attn: Mark Gottlieb (mark@bvxpartners.com); (v) counsel to the DIP Lender and the Prepetition Lenders, Cravath, Swaine & Moore LLP, 825 Eighth Avenue, New York, NY 10019, Attn: George E. Zobitz, Esq. (jzobitz@cravath.com) and Paul L. Sandler, Esq. (psandler@cravath.com) and Richards, Layton & Finger P.A., 920 North King Street, Wilmington, DE 19801, Attn: Paul N. Heath, Esq. (heath@rlf.com) and Zachary I. Shapiro, Esq. (shapiro@rlf.com) ; and (vi) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Casey, Esq. (linda.casey@usdoj.gov) (collectively, the "Notice Parties"). In the event no objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

       3.      The Debtor shall serve a copy of the Motion and this Interim Order on each Utility Company listed on the Utility Services List (the "Served Utility Companies") no later than two business days after the date this Interim Order is entered and shall serve any Utilities Companies added to the Utilities Services List (the "Additional Utilities Companies") with a copy of the Motion and this Interim Order, including the Adequate Assurance Procedures, no later than two business days after any supplemental Utilities Services List is filed with this

Court, and after such service such Additional Utilities Companies shall become Served Utilities Companies.

4.      No later than fifteen days after the date this Interim Order is entered, the Debtor shall cause the Adequate Assurance Deposit to be deposited into a segregated account and held in accordance with the Adequate Assurance Procedures.  No liens will encumber the Adequate Assurance Deposit or the segregated account; provided, however, that, for the avoidance of doubt, to the extent any portion of the Adequate Assurance Deposit is released or returned to the Debtor, pursuant to the terms of the Interim Order or Final Order, the liens that previously encumbered the released or returned amounts  shall continue to encumber such amounts in accordance with the terms of the Interim Order or Final Order granting the Debtor's use of cash collateral.

5.      The Adequate Assurance Deposit, together with the Debtor's ability to pay for future utility services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code for all Served Utility Companies.

6.      Until such time as the Court enters a final order on the Motion, all Served Utility Companies are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of this chapter 11 case, or any perceived inadequacy of the Proposed Adequate Assurance.

7.      The following Adequate Assurance Procedures are hereby approved on an interim basis:

4

a.      Any Utility Company that objects to the Debtor's Proposed Adequate Assurance must serve an Adequate Assurance Request on the Notice Parties.

b.      Any Adequate Assurance Request must: (i) be made in writing; (ii) identify the location for which Utility Services are provided; (iii) include a summary of the Debtor's payment history relevant to the affected account(s), including any security deposits; and (iv) explain why the Utility Company believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

c.      The Debtor is authorized to resolve, in consultation with the DIP Lender and the Prepetition Lenders, any Adequate Assurance Request by mutual agreement with a Utility Company and without further order of the Court and, in connection with any such agreement, in consultation with the DIP Lender and the Prepetition Lenders, provide a Utility Company with alternative adequate assurance of payment, including cash deposits, payments of prepetition balances, prepayments, or other forms of security, without further order of the Court, if the Debtor, in consultation with the DIP Lender and the Prepetition Lenders, believes such alternative assurance is reasonable.

d.      If the Debtor, in consultation with the DIP Lender and the Prepetition Lenders, is unable to consensually resolve an Adequate Assurance Request by mutual agreement within 14 days of receipt of the Adequate Assurance Request, the Debtor will seek a hearing with the Court (the "Determination Hearing") at the next scheduled omnibus hearing to determine the appropriate amount of adequate assurance required with respect to such Adequate Assurance Request. Pending resolution of such Adequate

5

Assurance Request at the Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtor on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

        e.      The Served Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

        f.      All Served Utility Companies who do not file an objection or serve an Adequate Assurance Request shall be: (a) deemed to have received adequate assurance of payment "satisfactory" to such Utility Company in compliance with section 366 of the Bankruptcy Code; and (b) forbidden to discontinue, alter, or refuse services to, or discriminate against, the Debtor on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

        g.      The Debtor is authorized to remove any Utility Company from the Utility Services List and add Additional Utilities Companies to the Utilities Services List, and the Debtor shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtor's average monthly cost for each subsequently-added or removed Utility Company in accordance with the terms of this Order. Any Additional Utility Company shall be bound by the Adequate Assurance Procedures provided that the requisite Adequate Assurance Deposit is made. For any Utility Company removed from the list, the Adequate Assurance Deposit may only be reduced after fourteen (14) days' written notice to a Served Utility Company if no objection to such proposed reduction is filed by such Served Utility Company.

6

8.      The Debtor's service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtor reserves all rights and defenses with respect thereto.

9.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

10.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim or lien against the Debtor, a waiver of the Debtor's rights to subsequently dispute such claim or lien, or the assumption or adoption of any agreement, contract, or lease under section 365 of the Bankruptcy Code.

11.     The Debtor is authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to prepetition amounts owed in connection with any Utility Services.

7

12.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a).

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

15.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

16.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: ___5/15___, 2019

_____
CHIEF JUDGE CHRISTOPHER J. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:321858.2 47430/001